Filed 7/26/23  P. v. Jackson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079526 |
| v. | (Super.Ct.No. CR69388) |
| JONATHAN KEITH JACKSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Matthew C. Perantoni,

Judge.  Reversed and remanded with directions.

Benjamin Kington, under appointment by the Court of Appeal, for Defendant and

Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Charles C. Ragland, Assistant Attorney General, and Alan L. Amann and

Collette C. Cavalier, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant, Jonathan Keith Jackson, filed a petition for resentencing pursuant to Penal Code former section 1170.95,[1] which the court denied. Defendant contends the court erred in denying his petition. We reverse and remand the matter for an evidentiary hearing.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

The victim testified defendant came to the victim's home on a night in June 1996 with at least three other individuals. Defendant owed the victim $150. As defendant walked toward the door to leave, he pulled out a gun and shot the victim in the face. One of the defendant's companions asked the victim where he kept his money and drugs. The victim pointed out the location. Before losing consciousness, the victim heard additional gunshots. The victim's wife was shot in the face and died. (*Jackson I*, *supra*, 58 Cal.4th at pp. 732-734.)

On May 6, 1999, a jury found defendant guilty of the first degree murder of the victim's wife (§ 187, subd. (a), count 1); the willful, deliberate, and premediated attempted murder of the victim (§§ 664/187, count 2); and being a felon in possession of a firearm (former § 12021, subd. (a)(1)). (*Jackson I*, *supra*, 58 Cal.4th at p. 731.)

---

[1] All further statutory references are to the Penal Code unless otherwise indicated. Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

[2] On April 5, 2023, we granted the People's request for judicial notice of portions of the record from defendant's appeal from the judgment. (*People v. Jackson* (2014) 58 Cal.4th 724 (*Jackson I*).) We additionally take judicial notice of our nonpublished opinion from defendant's appeal of the denial of his first former section 1170.95 petition. (*People v. Jackson* (July 24, 2020, E073960) [nonpub. opn.] (*Jackson II*).)

"The jury found true the allegations that defendant inflicted great bodily injury upon the attempted murder victim (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8)), that he personally used a handgun in the commission of the murder and attempted murder (§§ 12022.5, subd. (a), 1192.7, subd. (c)(8)), and that a principal was armed with a handgun in the commission of the murder (§ 12022, subd. (a)(1)). The jury also found true the special circumstance that the murder was committed while defendant was engaged in the commission or attempted commission of a robbery. (§ 211; former § 190.2, subd. (a)(17)(i), now § 190.2, subd. (a)(17)(A).)" (*Jackson I*, *supra*, 58 Cal.4th at pp. 731-732, fn. omitted.)

"The jury, however, was unable to reach a penalty verdict as to the murder conviction, and the court declared a mistrial. At the penalty retrial, the jury returned a verdict of death on the murder conviction." (*Jackson I*, *supra*, 58 Cal.4th at pp. 731-732.) The California Supreme Court, on automatic appeal, affirmed the judgment. (*Id.* at pp. 732 & 774.)

On January 7, 2019, defendant filed a petition for resentencing pursuant to former section 1170.95, which the court denied. On appeal, a majority panel of this court affirmed the order denying defendant's petition. (*Jackson II*, *supra*, E073960.)

On July 5, 2022, defendant filed another petition pursuant to former section 1170.95. At a hearing on the petition on July 29, 2022, at which defendant was represented by appointed counsel, the People requested the court deny the petition again: "I've sent [defense counsel] the opinion with the facts in imaging. Also, the California Supreme Court opinion has the facts incorporated therein. . . . ' "Defendant said he shot [the victim] in the head because he had to get paid, and shot [the victim's wife] because he didn't want any witnesses." ' "

Defense counsel responded, "I have confirmed what counsel has said. I submit." The court noted, "He's statutorily ineligible. And based on the statements and concurrence of counsel, the petition is denied."

## II.  DISCUSSION

Defendant contends the court erred in relying on the factual summary of the opinion in denying the petition. He also maintains that, to the extent he forfeited the issue, his counsel below was prejudicially ineffective. The People concede the order denying the petition must be reversed and the matter remanded for further proceedings.[3] We agree.

---

[3] However, the People request that any remand be without prejudice to the People raising the issue that defendant is only entitled to challenge the verdict by way of a petition for writ of habeas corpus since he was sentenced to death (§ 1509, subd. (a)). We agree that the People may raise the issue on remand, but express no opinion on how the court should resolve the issue on remand should the People do so.

"Senate Bill 1437 [(2017-2018 Reg. Sess.)] significantly limited the scope of the felony-murder rule to effectuate the Legislature's declared intent 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Strong* (2022) 13 Cal.5th 698, 707-708.) "Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended. [Citations.] Under newly enacted section 1172.6, the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to . . . Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437 [citation]." (*Id.* at p. 708, fn. omitted.)

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for . . . relief, the prima facie inquiry . . . is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "In reviewing any part of the record of conviction at this

5

preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.) "[T]he 'prima facie bar was intentionally and correctly set very low.' " (*Ibid*.)

Assembly Bill No. 200 "limited use of prior appellate opinions, allowing trial judges to 'consider the procedural history of the case recited.' [Citation.]" (*People v. Clements* (2022) 75 Cal.App.5th 276, 292; accord *People v. Flores* (2022) 76 Cal.App.5th 974, 988; *People v. Cooper* (2022) 77 Cal.App.5th 393, 400, fn. 9.) Where "the record of conviction does not conclusively negate the possibility that the jury found" the defendant guilty under a theory which imputed malice to him by the actions of the actual perpetrator, "an evidentiary hearing is required." (*People v. Langi* (2022) 73 Cal.App.5th 972, 984.)

Here, the court erroneously relied exclusively on the facts related by the People, which were derived entirely from the opinion in *Jackson I*. Although defense counsel submitted on the matter as presented by the People, he did not stipulate to consideration of the facts from *Jackson I*. Moreover, as the People note, the record of conviction reflects that the court instructed the jury on both felony murder and aiding and abetting principles. Thus, it is at least possible that the jury found defendant guilty under a theory of imputed malice. Therefore, defendant made a prima facie case for relief.

### III. DISPOSITION

The order denying defendant's petition is reversed. The matter is remanded with directions to issue an order to show cause under section 1172.6, subdivision (c), and to

hold a hearing under section 1172.6, subdivision (d)(1).  We express no opinion on whether defendant is entitled to relief following the hearing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

MENETREZ
J.